UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:22-cr-404 (JEB) |
| v. : | |
| : | |
| ISREAL EASTERDAY, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION FOR
RECONSIDERATION OF ORDER DENYING DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to reconsider its order denying the government's oral motion for Defendant Easterday's detention pending sentencing, pursuant to 18 U.S.C. § 3143(a)(2). The government acknowledges that in its post-trial oral motion seeking Easterday's detention pending sentencing, the government failed to make clear why the carve-outs to mandatory post-verdict detention set out in § 3143(a)(2)(A)-(B) do not apply in this instance. For the reasons discussed below, detention was and is mandatory. Therefore, the government respectfully requests that the Court reconsider its order.

**MOTION**

**I.   Detention is mandatory because the Defendant was convicted of crimes of violence.**

A defendant found guilty of a crime of violence must be detained after the verdict and while he awaits imposition of sentence. *See* 18 U.S.C. § 3143(a)(2) (requiring that "[t]he judicial officer shall order" detention unless certain exceptions apply); 18 U.S.C. § 3142(f)(1)(A) (listing "crime of violence" among the offenses requiring mandatory detention); 18 U.S.C. § 3156(a)(4) (defining the term "crime of violence"). A crime of violence, as referenced in Section 3142(f)(1)(A), is defined as:

1

(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 77, 109A, 110, or 117[.]

18 U.S.C. § 3156(a)(4).

Here, in Counts 2, 3, and 6, the jury convicted the defendant of three such offenses. Courts in this District have held that both assault with a deadly and dangerous weapon under 18 U.S.C. § 111(b) (Counts 2 and 3) and engaging in an act of physical violence on restricted grounds under Section 1752(a)(4) (Count 6) are crimes of violence under Sections 3142(f)(1)(A) and 3156(a)(4)(A). For example, in *United States v. Klein*, the court considered whether Section 111(b) was a crime of violence and concluded it was: "The key question then is whether a defendant can be convicted of violating § 111(b) without 'the use, attempted use, or threatened use of physical force against the person or property of another.'" 533 F. Supp. 3d 1, 10 (D.D.C. 2021) (citing 18 U.S.C. § 3156(a)(4)(A)). "[E]very circuit to address the issue has answered that question in the negative, concluding that § 111(b) does constitute a 'crime of violence.' This Court agrees." *Id.*

Similarly, in *United States v. Harris*, the court considered whether 18 U.S.C. § 1752(a)(4) was a crime a violence and concluded it was: both the elements of the crime and "the statute's history provides [ ] insight and support for the government's position" that 18 U.S.C. § 1752(a)(4) constitutes a crime of violence. *See* Case No. 21-cr-189 (CJN), ECF No. 75 (June 23, 2023 Order) (finding detention was mandatory because 18 U.S.C. § 1752(a)(4) constituted a crime of violence, and noting that an offense need not carry a maximum 10 year prison term to be a "crime of violence" under this definition); *see also United States v. Pascacio-Rodriguez,* 749 F.3d 353, 362

n.43 (5th Cir. 2014) (same).

Thus, on October 26, 2023, the Defendant was convicted of at least three crimes of violence, including two assaults on U.S. Capitol Police officers with a dangerous weapon and engaging in physical violence in a restricted building or grounds (also with a dangerous weapon). *See* ECF No. 69; 18 U.S.C. § 3142(f)(1)(A).

II.     **The limited carve-outs where detention is not required are inapplicable here.**

As the Court noted in denying the government's post-trial oral motion, although detention is presumed mandatory for crimes of violence, 18 U.S.C. § 3143(a)(2)(A)-(B) provides enumerated carve-outs where mandatory detention is not required.  In this case, however, Easterday does not qualify for any exception, and therefore detention is mandatory.

Section 3143(a)(2) states that detention is mandatory unless two of three requirements are met:

(A)
 (i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**

 (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A)-(B) (emphasis added).  Because subsections (A) and (B) are joined by an "and," for a defendant to avoid mandatory detention, he must qualify under either of the alternatives in subsection (A) <u>and</u> satisfy subsection (B).

Here, the Court found under subsection (B) that the Defendant was "not likely to flee or pose a danger to any other person or to the community."  However, the Court made no finding as to subsection (A), which consists of two alternatives, neither of which apply here.  *See Harris*,

Case No. 21-cr-00189 (CJN), ECF No. 75 at 1, 4 (finding that the "caveats" in 18 U.S.C. § 3143(a)(2)(A)-(B) were "not relevant here," finding detention was mandatory, and ordering defendant to self-surrender); *see also, e.g., United States v. Christensen*, Case No. 21-cr-455 (RCL), Sep. 18, 2023 Min. Order (defendant "remanded/commitment issued" after convictions by jury under 18 U.S.C. §§ 111(a) and 1752(a)(4)); *United States v. Perkins*, Case No. 21-cr-447 (CJN), ECF 232 (ordering that "Perkins be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2)" after conviction under 18 U.S.C. §§ 111(b)); *United States v. Bilyard*, Case No. 22-cr-0034 (RBW), Oct. 20, 2022 Min. Order (ordering immediate detention following plea under 18 U.S.C. §§ 111(b) and rejecting Defendant's request to self-surrender).

Subsection (A)(i) likely does not apply because there is no "substantial likelihood that a motion for acquittal or new trial will be granted[,]" and the Defendant has not articulated any basis upon which he would even request a new trial. Subsection (A)(ii) does not apply because no government attorney has recommended that "no sentence of imprisonment be imposed" on Defendant Easterday. In fact, the government will be seeking a term of incarceration, and the Court has already informed the defendant that the Court likely will impose imprisonment.

While the Court has determined that Easterday is not a flight risk or danger to the community, that is not the end of the inquiry, and that alone is not enough for the defendant to avoid mandatory detention. Because neither of the two subsections in 18 U.S.C. § 3143(a)(2)(A) apply, the requirements for the carve-out are not fulfilled. Per 18 U.S.C. § 3143(a)(2), Easterday's detention pending sentencing is therefore mandatory.

## **CONCLUSION**

For these reasons, the government respectfully requests that the Court reconsider its order denying the Defendant's detention pending sentencing and order the Defendant to immediately self-surrender to the United States Marshals Service.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar Number 481052

    */s/ Michael M. Gordon*
    MICHAEL M. GORDON
    Senior Trial Counsel, Capitol Siege Section
    Assistant United States Attorney, Detailee
    Florida Bar No. 1026025
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    michael.gordon3@usdoj.gov
    (813) 274-6000

    */s/ Samantha R. Miller*
    SAMANTHA R. MILLER
    Assistant United States Attorney
    New York Bar No. 5342175
    United States Attorney's Office
    For the District of Columbia
    601 D Street, NW 20530
    Samantha.Miller@usdoj.gov