UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:22-cr-404 (JEB) |
| v. : | |
| : | |
| ISREAL EASTERDAY, : | |
| : | |
| Defendant. : | |

**UNITED STATES' REPLY REGARDING
RECONSIDERATION OF ORDER DENYING DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to Easterday's Opposition (ECF 77) to the government's motion (ECF 76) to reconsider the Court's order denying the government's oral motion for detention pending sentencing, pursuant to 18 U.S.C. § 3143(a)(2). Because Easterday's Opposition fails to move the needle, the government still respectfully requests the Court reconsider its order.

**REPLY**

**I.   Reconsideration is Proper Because an Error of Law Occurred.**

As Defendant's Opposition points out, courts generally permit motions to reconsider in order "to correct a clear error or prevent manifest injustice." *See, e.g., United States v. Cabrera*, 699 F. Supp. 2d 35, 41 (D.D.C. 2010). Such an error occurred here. As noted in its motion, the government inadvertently invited an error of law when it failed to notify the Court that, in order to avoid mandatory detention, a finding was required under both subsections (A) and (B) of 18 U.S.C. § 3143(a)(2). Because a finding under subsection (A) of Section 3143(a)(2) was required for the Court to have found that Easterday was not subject to mandatory detention, here, reconsideration of that ruling is proper. *See, e.g.*, *United States v. Handy*, No. 23-3143, 2023 WL 7277155 (D.C.

1

Cir. Nov. 3, 2023) (unpublished) (affirming mandatory detention under 18 U.S.C. § 3143(a)(2) because (a) crime of conviction was crime of violence and (b) "appellants do not challenge the district court's conclusion that there was no 'substantial likelihood that a motion for acquittal or new trial will be granted' or that the government intended to recommend a sentence of imprisonment, 18 U.S.C. § 3143(a)(2)(A)"); *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004) ("In reviewing a detention challenge, we examine the district court's factual determinations for clear error."); *United States v. Masters*, 730 F. Supp. 686, 689-91 (W.D.N.C. 1990) ("Even assuming that Defendant met the first prong of the test, § 3143(b) requires *both* prongs be met . . . Defendant has not presented the Court with a substantial issue of fact or law likely to result in reversal.  Thus, Defendant has also failed to meet the burden placed upon him by the second prong of § 3143(b).  Therefore, the Court is left with no alternative other than to deny Defendant's Motion [for release pending appeal].").

## II.    Convictions under 18 U.S.C. §§ 1752(a)(4) and 111(b) Are "Crimes of Violence."

Easterday does not attempt to refute that his conviction of engaging in an act of physical violence on restricted grounds under 18 U.S.C. § 1752(a)(4) is a crime of violence, which would independently mandate detention.

Moreover, Easterday erroneously argues that his two assault convictions under 18 U.S.C. § 111(b) are not crimes of violence "because the elements require proof that a defendant used an object with intent to cause death or serious injury, or attempt to do so.  That's because crimes of violence categorically require a mens rea of greater than recklessness as to the force element of the offense."   ECF 77 at 5 (internal quotations omitted) (citing *United States v. McDaniel*, __ F.4th __, 2023 WL 6934544, at *8 (4th Cir. Oct. 20, 2023) and *Borden v. United States*, 141 S. Ct. 1817, 1833 (2021) (plurality)).

First, this recycled argument fails because it was already rejected by this Court at trial during the charge conference. Second, this argument fails for the same reasons the D.C. Circuit rejected it just last week in *United States v. Handy*, No. 23-3143, 2023 WL 7277155 (D.C. Cir. Nov. 3, 2023). There, the appellants relied on *Borden* for the same proposition as Easterday: that the decision "introduced a rule that an offense is not categorically a crime of violence unless it requires a specific intent to harm." *Id.* at *1 (discussing *Borden,* 41 S. Ct. 1817). The D.C. Circuit disagreed: "While the opinion does state that offenses criminalizing reckless conduct will not categorically qualify as violent felonies under the relevant statute, appellants have not demonstrated that the Justices intended to establish a requirement – in addition to the intent needed for the crime – that the perpetrator act with a specific intent to harm or injure another." *Id.* (citing *Amaya v. Garland*, 15 F.4th 976, 983 (9th Cir. 2021)).

The D.C. Circuit then went on as follows:

> Furthermore, even if the plurality opinion in *Borden* did conclude that the definition of "violent felony" in the Armed Career Criminal Act encompasses only crimes committed with a specific intent to harm another, appellants have not demonstrated that that requirement would apply here, where the crime of violence definition encompasses "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person <u>or property</u> of another.

*Id.* at *2 (citing 18 U.S.C. § 3156(a)(4)(A) (emphasis added in original)). The same is true here with respect to 18 U.S.C. § 111(b).

Furthermore, Easterday's argument again ignores that Easterday was charged with violating 18 U.S.C. § 111(b) under <u>two</u> alternative theories: by causing his victims to suffer bodily injury <u>or</u> by using a dangerous weapon *capable* of causing serious bodily injury, both of which require him to have acted forcibly, voluntarily, and intentionally. ECF 67, 69. Even if the Court credited Easterday's *mens rea* argument, Easterday has provided no argument undermining the bodily injury theory for conviction, and has not argued that there is a substantial likelihood that a

3

motion for a judgment of acquittal or new trial will be granted on that or any other basis. Easterday has "therefore forfeited the issue." *Handy*, 2023 WL 7277155 at *2 ("appellants do not challenge the district court's conclusion that there was no 'substantial likelihood that a motion for acquittal or new trial will be granted' or that the government intended to recommend a sentence of imprisonment, 18 U.S.C. § 3143(a)(2)(A). They have therefore forfeited the issue.") (citing *United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004)).

As the court noted in *United States v. Klein*, "[t]he Supreme Court in *Johnson v. United States* defined 'physical force' as 'force capable of causing physical pain or injury to another person.'" 533 F. Supp. 3d 1, 9 (D.D.C. 2021) (citing *Johnson,* 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)). "To determine if a charged offense qualifies as a 'crime of violence,' a court generally applies a categorical approach, meaning that the court assesses 'how the law defines the offense and not ... how an individual offender might have committed it on a particular occasion[.]'" (citing *United States v. Moore*, 149 F. Supp. 3d 177, 179 (D.D.C. 2016) (quotations omitted)). Like Easterday, "because Klein was charged with a 'violation of § 111(b) [which] requires more violent conduct than a violation of § 111(a)(1) alone,' the Court need only 'focus on whether § 111(b) is a crime of violence.'" *Id.* (citing, e.g., *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020)).

"Th[e] first means of violating § 111(b) [ ] necessarily requires the use or threat of force 'capable of causing physical pain or injury to another.'" *Id.* at 11. (citations and quotations omitted). "The second scenario under § 111(b) is even more straightforward given that a defendant who acts 'forcibly' and <u>actually</u> 'inflicts bodily injury' by definition uses 'force <u>capable</u> of causing ... injury' to another." *Id.* The identical analysis applies here: the jury found that Easterday either (a) forcibly and actually caused injury to the two officer-victims—a reasonable

finding given the officers' testimony regarding the pain they experienced from Easterday's use of chemical irritant sprays—or, (b) forcibly used a weapon *capable* of causing serious bodily injury, meaning, e.g., "extreme physical pain"—also reasonable given the victims' and experts' testimony—or, (c) both.  ECF 67 at 11-12.  Based on the jury's verdict, here, the Court should see "no reason to depart from the weight of authority concluding that § 111(b) qualifies as a 'crime of violence.'"  *Klein,* 533 F. Supp. 3d at 9.

Indeed, the D.C. Circuit again noted in *Handy* how a mere recklessness argument like Easterday's defies logic.  The D.C. Circuit held that "[t]he most natural reading" of the statute at issue, the Freedom of Access to Clinic Entrances Act, "appears to foreclose the [ ] argument that one could intentionally use force, with an intent to 'injure, intimidate or interfere with' another, because that person is obtaining or providing reproductive health services, and yet act with a state of mind of mere recklessness."  *Handy*, 2023 WL 7277155 at *2.  Here, Easterday's Section 111(b) convictions mean he "assaulted, resisted, opposed, impeded, intimidated, or interfered with" an officer "then engaged in the performance of his official duties." ECF 67 (Final Jury Instructions) at 11.  Those actions were done "voluntarily and intentionally," meaning the jury necessarily found that Easterday did not act recklessly.  *Id.*  Moreover, those actions were done "forcibly," that is, Easterday "used force, attempted to use force, or threatened to use force against the officer."  *Id*.

In addition, Easterday does not even dispute that his conviction under Section 1752(a)(4)—engaging in an act of physical violence on restricted grounds—is a crime of violence, as set forth in the Government's Motion to Reconsider.  Therefore, detention is mandatory.

**III.     No "Exceptional Reasons" Warrant a Departure from Mandatory Detention under 18 U.S.C. § 31459(c).**

Finally, Easterday erroneously argues that he meets the "exceptional reasons" standard that would require he remain released pending sentencing under 18 U.S.C. § 3145(c). He does not. In certain circumstances, "[a] person subject to detention pursuant to section 3143(a)(2), . . . and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such per'on's detention would not be appropriate.*" 18 U.S.C. § 3145(c) (emphasis added). As Easterday notes, "Congress did not define the term 'exceptional reasons' in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards." *United States v. Wiggins*, No. 19-CR-258 (KBJ), 2020 WL 1868891, at *6 (D.D.C. Apr. 10, 2020) (denying pretrial release under Section 3145). "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12-CR-65, 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 F. App'x 2 (D.C. Cir. 2013)).

Indeed, "[t]his 'escape hatch' is quite narrow and only rarely successfully invoked . . . In this jurisdiction, section 3145(c) has almost only applied to release due to the COVID-19 pandemic." *United States v. Geraghty*, No. CR 22-096-10 (CKK), 2023 WL 6199085, at *2 (D.D.C. Sept. 22, 2023) (collecting cases). "'[P]urely personal'" circumstances are very rarely exceptional, because 'incarceration regrettably inflicts family hardship on many, if not most, defendants.'" *Id.* (citations omitted). "Similarly, prior compliance with conditions of release and 'conformance to society's expectations,' e.g., law-abidingness and nonviolence, 'are not exceptional—these behaviors are expected of all defendants.'" *Id.* (citations omitted). Moreover, such exceptional reasons "should set the defendant apart from anyone else convicted of a similar

crime or crimes." *United States v. Wise*, No. 3:20-CR-46, 2023 WL 4554091, at \*3 (E.D. Tenn. July 14, 2023); *United States v. Hamm*, No. 4:19-CR-00613 SRC, 2021 WL 1669973, at \*11 (E.D. Mo. Apr. 27, 2021), *aff'd*, No. 21-2021, 2021 WL 5071464 (8th Cir. May 21, 2021) ("to constitute 'exceptional reasons' under section 3145(c), the Court must find that Hamm's 'case is clearly out of the ordinary, uncommon, or rare when compared to **every other defendant** convicted" of the same offenses, "all of whom are subject to mandatory detention under [section] 3143(a)(2)") (bolding added).

Courts in this and other districts have taken a narrow view of what constitute "exceptional reasons."  Among other things:

- A defendant's low flight risk or lack of danger to the community is not an exceptional reason. *Hite*, 72 F. Supp. 3d 29 at 34.

- Family hardship caused by incarceration is not an exceptional reason. *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999).

- The lack of a criminal record is not an exceptional reason. *Wages*, 271 Fed. Appx. 726, 727-28 (10th Cir. 2008); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir.2004).

- The COVID-19 pandemic was not an exceptional reason, *see United States v. Wiggins*, 613 F. Supp. 3d 348, 350-51 (D.D.C. 2020).

- A medical condition is not an exceptional reason. *Rodriguez*, 50 F. Supp. 2d at 722.

- The need to care for an elderly parent is not an exceptional reason. *United States v. Wages*, 271 Fed. Appx. at 727-28; *see also United States v. Mellies*, 496 F.Supp.2d 930, 937 (M.D. Tenn. 2007) (same).

- A person's employment, family support, and community connections are not exceptional reasons. *Lovo*, 263 F. Supp. 3d at 51; *see also Mellies*, 496 F.Supp.2d at 937 (positive family support is not an exceptional reason).

- Continuing rehabilitative therapy is not an exceptional reason. *United States v. Sharp*, 517 F. Supp. 2d 462, 465 (D.D.C. 2007).

- The desire to spend time with a young child is not an exceptional reason. *United States v. Bryant*, 873 F. Supp. 660, 663 (N.D. Ga. 1994).

- The pregnancy of a teenage daughter is not an exceptional reason. *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992), *aff'd*, 993 F.2d 1541 (4th Cir. 1993).

- Being employed is not an exceptional reason. *Lea*, 360 F.3d at 403-04.

Easterday offers the following as grounds for his post-conviction release: the government's inadequate oral argument for detention (ECF 77 at 9), the recycled and failed argument that "the government's legal theory [was] unique, because its argument that pepper spray constitutes a dangerous weapon was based solely on the ordinary or latent characteristics of pepper spray rather than its manner of use" (*id.*), Defendant's full compliance with the conditions of his pretrial release (*id.* at 10), his desire to continue "building a house so that his wife and family members will have a place to live when he is sentenced in this case, and his "deep family and community roots" (*id.*).

Defendant's first two arguments fail for the reasons cited above.  In addition, other January 6 defendants have been mandatorily detained following convictions under the very same statute (*see generally* ECF 76 (government's original motion) (collecting cases)), and Easterday has not shown why the court "should set the defendant apart from anyone else convicted of a similar crime or crimes." *Wise*, 2023 WL 4554091 at *3.  Easterday's latter two arguments, while citing commendable conduct, do not provide "exceptional reasons" to depart from the baseline of mandatory detention.  Many defendants are compliant with the terms of their pretrial release, appear for proceedings as necessary, and are cooperative with the Probation Office. *See e.g., Hite*, 72 F. Supp. 3d at 33-45 (denying release despite the defendant's record of living in the community

under supervision).  Such compliance is expected.  Similarly, an inability to continue providing for his family through home-building due to incarceration is something experienced by many families. *See, e.g., Rodriguez*, 50 F. Supp. 2d at 722 (denying release pending appeal because "unfortunately, family hardship is not an unordinary consequence of incarceration.").

While Easterday, through his attorneys, asserts that he is remorseful for his actions, he has failed to provide any accepted "exceptional reasons" why he qualifies to remain released from prison.  As such, he should be ordered detained.

## CONCLUSION

For these reasons, and those in the government's underlying motion (ECF 76), the government respectfully moves the Court to reconsider its order denying the Defendant's detention pending sentencing, and to order the Defendant to immediately self-surrender to the United States Marshals Service.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Senior Trial Counsel, Capitol Siege Section
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
michael.gordon3@usdoj.gov
(813) 274-6000

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia

601 D Street, NW 20530
Samantha.Miller@usdoj.gov