IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  )<br>v.  )<br>  )<br>ISREAL JAMES EASTERDAY,  )<br>  Defendant.  )<br>  ) | Case No. 1:22-cr-00404<br>Hon. James E. Boasberg |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO MOTION TO SUPPRESS

The government's supplemental opposition makes clear that (1) law enforcement had unfettered discretion to sift through and identify accounts of interest from a dragnet of individual records of past movements provided by Google; and (2) its efforts to exclude individual accounts of people who were lawfully present on the Capitol Grounds on January 6, 2021, were not effective.

Before addressing how these concessions establish that the geofence warrants in this case violated the Fourth Amendment, it is important to note that on December 12, 2023, Google announced that it will no longer store private location history data on its servers, and individuals who wish to enable location history will store such information on their own devices. *See* Marlow McGriff, Updates to Location History (Dec. 12, 2023), available at: https://blog.google/products/maps/updates-to-location-history-and-new-controls-coming-soon-to-maps/. The notice provides that if users wish to store a back-up copy of their data on "the cloud" – which means Google's servers – Google will

"automatically encrypt your backed-up data so no one can read it, including Google." According to Google, because "your Timeline will be saved right on your device," a user will have "even more control over your data."

Google also announced that it changed the default auto-delete control to 3 months, rather than 18 months. Google's announcement concludes that "[y]our location information is personal," and that eliminating Google's custody of this information was in the interest of "keeping [this information] safe, private, and in your control." *Id.*

Because Google will no longer have access to users' location history data, it will not be able to access private location history data in response to geofence warrants. In other words, this announcement means the end of non-particularized geofence warrants that request searches of users' private location history data held by Google based solely on proximity to a specific location. *See* Cyrus Farivar & Thomas Brewster, *Google Just Killed Warrants That Give Police Access to Location Data*, Forbes (Dec. 14, 2023).[1]

Any doubt about whether location history data is personal, private, and protected by the Fourth Amendment should be eliminated by Google's announcement. Whether location history data is held on a personal phone, or on Google's servers, it is a personal and private timeline of where a person has traveled. Such information is not subject to access by the government without

---

[1] Available at: https://www.forbes.com/sites/cyrusfarivar/2023/12/14/google-just-killed-geofence-warrants-police-location-data/?sh=6c366e9f2c86.

probable cause connecting a particular crime to the particular account searched.[2] Indeed, Google's decision to store timeline history data solely on users' phones rather than the cloud makes no difference with respect to the Fourth Amendment because "the same type of data may be stored locally on the device for one user and in the cloud for another." *Riley v. California*, 573 U.S. 373, 397 (2014).

"Cloud computing is the capacity of Internet-connected devices to display data stored on remote servers rather than on the device itself." *Id.* As the Court observed in *Riley*, "[c]ell phone users often may not know whether particular information is stored on the device or in the cloud, and it generally makes little difference." *Id.* Both types of data consist of password-protected personal information, and thus are protected against government searches by the Fourth Amendment. *See Trulock v. Freeh*, 275 F.3d 391, 403 (4th Cir. 2001) (holding that password-protected computer files on common computer were protected by Fourth Amendment).

---

[2] Contrary to the government's claim that Location History is "cumbersome to activate," Gov't Suppl. (ECF 81) at 7, users are prompted to opt in both when setting up a Google account and through individual applications like Google Maps. *See United States v. Chatrie*, 590 F. Supp. 3d 901, 911, 936 (E.D. Va. 2022) (describing setup options). For example, if the Court has a Google account, it is easy to see if Location History is activated on a cell phone in only two steps after opening Google Maps. First, a user touches the account button (a circle with the user's initial) on the search bar, and second, touches the "Your timeline" option. If the screen says "Timeline is on," then Location History was previously activated. If it says "Timeline is off," hitting that prompt allows the user to activate location history by touching a "Turn on" button on the next screen. If a phone says "Timeline is on," and the feature was active on January 6, 2021, then that user's history of prior movements was searched (along with at least 592 million other users' data) pursuant to the geofence warrants in this case.

The Supreme Court held in *Carpenter v. United States* that "individuals have a reasonable expectation of privacy in the whole of their physical movements." 138 S. Ct. 2206, 2217 (2018). Because a password-protected private record of past movements is protected by the Fourth Amendment, unbounded police discretion to sift through private location history records to identify individual accounts that may be associated with criminal activity is unconstitutional. *See Delaware v. Prouse*, 440 U.S. 648, 654, 661 (1979) (noting that Fourth Amendment is meant to protect against "the evil" of "standardless and unconstrained discretion" by law enforcement). The central point of the warrant requirement is to make "general searches … impossible …. [because] nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196 (1927); *cf. Steagald v. United States*, 451 U.S. 204, 220 (1981) (noting that general warrants "left to the discretion of the executing officials the decision as to which persons should be arrested and which places should be searched…. The central objectionable feature [] was that they provided no judicial check on the determination of the executing officials that the evidence available justified an intrusion into any particular home.").

In this case, the government's supplemental opposition establishes that it violated the Fourth Amendment by creating a dragnet for private past location history information that law enforcement had unfettered discretion to sift through. In fact, the government states that after obtaining past movement data for 5,723 unique accounts in response to a warrant dated January 13, 2021, it then reviewed

4

the locations where a user's device appeared to have traveled to "eliminate accounts that appeared unlikely to belong to people who committed a crime." Gov't Suppl. (ECF 81) at 3.[3] If a device appeared to have been "in places where surveillance video in fact revealed no one was located," the account was removed from the list of accounts for which subscriber data was sought. *Id.* at 3 n.3. In other words, law enforcement agents reviewed the record of past movements for each individual account produced – including all of the private and personal places traveled during the requested time period -- to determine whether those movements were consistent or inconsistent with potential criminal activity.

As the government concedes, its effort to narrow the record of past movements was not effective, either because devices present during the control periods did not record location history data during those times, Gov't Suppl. (ECF 81) at 10-11, or because individuals lawfully present at the Capitol refused to voluntarily turn over their account information. *Id.* at 5 ("As the request was voluntary, some offices and agencies complied while many did not."). Accordingly,

---

[3] The government's Supplement fails to mention that before the May 21, 2021, expanded geofence warrant, it requested subscriber information for an additional 2,264 accounts (in addition to the subscriber information for an initial set of 1,535 accounts) produced due to the initial January 13, 2021, geofence warrant. April 14, 2021, Geofence Warrant Aff. (Case No. 21-SC-77) at ¶ 45. Mr. Easterday's subscriber information was provided in response to the April 14, 2021, supplemental affidavit.

As noted in Mr. Easterday's Reply in Support of Motion to Suppress (ECF 61) at 1-2, the records were not anonymized because the warrants "didn't ask for [device IDs] to be provided as anonymized ID, or RLOI, [so] they were sent as device IDs unique to the Google accounts." Mot. Supp. (ECF 45) Gentile Decl. at ¶ 13; *accord* Manger Decl. at ¶ 8 (ECF 38) (filed under seal).

5

the government's filing makes plain that the geofence warrants did not discriminate between the records sought of those who may have engaged in criminal activity and the past movement records of those lawfully on Capitol Grounds.

Proximity to a crime scene is not probable cause to search. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). The government had to sift through the past movement records it obtained from Google because — aside from proximity to a crime scene — the geofence warrants contained no nexus between those account records and criminal activity. *See United States v. Griffth*, 867 F.3d 1265, 1271 (D.C. Cir. 2017) (noting that probable cause requires a nexus between criminal activity, the item sought, and the place to be searched). Contrary to the Fourth Amendment, the geofence warrants in this case obtained location history records for virtually every account that had Google's Timeline feature activated and that registered a hit near the Capitol Grounds on January 6, 2021, and left it to law enforcement to sift through those thousands of private records for evidence.

Respectfully submitted,

**ISREAL JAMES EASTERDAY**

By counsel,

/s/ Geremy C. Kamens
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender, E.D. Va.
Office of the Federal Public Defender
1650 King St, Suite 500
Alexandria, VA 22314
703-600-0848 (phone)
Geremy_Kamens@fd.org