**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cr-00404** |
| | ) | **Hon. James E. Boasberg** |
| **ISREAL JAMES EASTERDAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR BOND PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b), 3143(b), and Federal Rules of Criminal Procedure 46(c) and 38(b)(1), Isreal James Easterday respectfully moves this Court for release pending appeal. Such relief is appropriate in Isreal's case because (1) this case raises substantial questions of law that could be decided the other way by reasonable jurists, *see United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987); and (2) Isreal poses no risk of flight or danger to the community. Permitting Isreal to remain out on bond, under supervision, would permit the substantial legal issues in his appeal to be resolved prior serving a sentence that may be vacated or, alternatively, significantly reduced.

## I. PROCEDURAL BACKGROUND

On October 26, 2023, a jury found Isreal guilty of nine counts in the superseding indictment. On December 8, 2023, the defense filed a Motion for Judgment of Acquittal And, In The Alternative, For a New Trial as to Counts Two, Three, Four, Five, and Six (Dkt. No. 83). One issue raised as a basis for a new trial was the legal standard governing the determination as to whether an object

constitutes a "dangerous weapon" for purposes of 18 U.S.C. § 111(b). Another relates to the elements of 18 U.S.C. § 1752. Although the Court denied the motion, it acknowledged legal authority supporting the defense's statutory construction as to both statutes. *See* Dkt. No. 111. In light of the issues that Isreal intends to raise on appeal, and his perfect compliance with conditions of release for more than an entire year, he requests that the Court order his release pending appeal.

## II. LEGAL STANDARD APPLIED TO MOTION FOR RELEASE PENDING APPEAL

The Court may order a defendant's release pending appeal if it finds (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of anyone in the community, that (2) the appeal raises a substantial question of law or fact, and (3) the question of law or fact, if decided in favor of the defendant, is likely to result in reversal or an order for a new trial. *Perholtz*, 836 F.3d at 555-57. Importantly, the defendant "need not show a likelihood of success on appeal," *United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003); rather, he need only show that his appeal presents "'a 'close' question or one that very well could be decided the other way.'" *See, e.g., United States v. Williams*, 2024 WL 1253949, at *4 (D.D.C. Mar. 25, 2024) (quoting *Perholtz*, 836 F.3d at 555). Indeed, it is not uncommon for appellate courts to grant release only to later affirm the lower court on the merits of the appeal. Instead, the inquiry under 18 U.S.C. § 3143(b) is whether the issues on appeal are "substantial." *Id.*

## III. ARGUMENT

### A. Isreal is neither a flight risk nor a danger to the community.

The threshold inquiry for release pending appeal under 18 U.S.C. § 3143(b) requires the Court to assess whether the defendant poses a risk of flight or a danger to the community. 18 U.S.C. § 3143(b)(1). Isreal's behavior while on pretrial release over the past year has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk.

Since January 2023, Isreal has been subject to strict conditions of pretrial release. He surrendered his passport to pretrial services, he is in the custody of his third-party custodian, Heidi Easterday, who has sent weekly emails to the Court to confirm his compliance, and he has been restricted to his home with few exceptions. *See* Conditions of Release (Dkt. No. 19) 1-4. Based on all of the Pretrial Compliance Reports (Dkt. Nos. 20, 23, 24, 50, 82, 106, and 116), Isreal has never had an issue with compliance. Indeed, he has appeared at every court appearance as required and arranged for his travel from Kentucky to Washington, D.C. at his own expense. Prior to this case, he had no criminal history or even any encounters with law enforcement.

Accordingly, the Court has allowed for Isreal's release pending trial and effectively pending sentencing in this case (although, the Court did not rule on the government's motion to reconsider detention prior to the sentencing hearing). Moreover, the government has seemed to concede that Isreal does not present as a risk of flight or danger to the community. *See* Gov. Mot. Revoke Detention (Dkt. No. 76) at 4. As such, he is neither a flight risk nor a danger to the community.

**B. Isreal's appeal raises substantial questions and is therefore not designed to create a delay.**

Isreal's issues on appeal will raise substantial questions of law. A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Isreal's appeal establishes a likelihood of reversal. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well could be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

This is a permissive standard. As one court has characterized this standard, a legal question may be a substantial one if "there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail." *See United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985) (quoting *Herzog*, 75 S. Ct. at 351).

The defense challenged the Court's jury instructions as to the legal definition of a "dangerous weapon" for purposes of § 111(b), and the *mens rea* requirement for 18 U.S.C. § 1752. The defense also challenged the sufficiency of the evidence for Counts Two through Six. These challenges qualify as substantial questions.

*First*, although the Court held that for purposes of 18 U.S.C. § 111(b)'s dangerous or deadly element, it is enough to establish that an object was used in a manner *capable* of causing serious injury, Mem. Op. (Dkt. No. 111) 12-13, the Court also found that courts have described this standard to require a showing that an object was "likely" to cause serious injury. Given the disagreement among courts in this District and elsewhere as to the legal definition of this element, and the centrality of this issue to Isreal's case, we respectfully submit that this issue is a "substantial" one for purposes of release pending appeal.

*Second*, with respect to the *mens rea* requirement for 18 U.S.C. § 1752, the Court acknowledged that four courts in this District have endorsed Isreal's position while six have rejected it. *See* Mem. Op. (Dkt. No. 111) 21. The D.C. Circuit is set to decide this issue in *United States v. Griffin*, No. 22-3042. Given the disagreement among courts in this district, that oral argument was held in December 2023, and D.C. Circuit will decide this issue soon, this issue constitutes a "substantial" one for purposes of release pending appeal.

**C. Resolution of these substantial questions in Isreal's favor would likely result in a new trial or reduced imprisonment sentence.**

The last part of the inquiry under 18 U.S.C. § 3143(b) requires the Court to assess the degree to which the resolution of the issue impacted the outcome of the case. Put differently, it is an inquiry of harm. Important to this inquiry is the principle that for the defendant to remain on bond pending appeal, the defendant "need not show a likelihood of success on [the merits of the] appeal." *Garcia*, 340 F.3d at 1020

n.5; *see also Bayko*, 774 F.2d at 522-23 (construing Section 3143(b)(2) as "a requirement that the claimed error not be harmless or unprejudicial").

If decided in Isreal's favor, his appellate challenges to the Court's jury instructions and sufficiency of the evidence would result in Counts Two through Six being vacated, and at the very least a resentencing on all counts. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). And if he was acquitted on Counts Two through Six, that would leave only one felony (Count One for civil disorder) and three misdemeanors (Counts Seven through Nine). As opposed to a guidelines range of 135 to 168 months (*see* PSR at ¶ 127), he would likely be looking at a guidelines range of 0-6 months.[1]

The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[2] To avoid Isreal overserving his sentence in light of the several challenges that he intends to raise on appeal, we respectfully request that the Court authorize his release pending his appeal.

---

[1] The guideline applicable to Count One is USSG § 2X5.1, which provides that if the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline. Here, that would be § 2A2.4 (Obstructing or Impeding Officers). The guidelines range is based on CHC I and Total Offense Level 8 (Base Offense Level 10, minus Acceptance of Responsibility). The guidelines do not apply to Class B or C misdemeanors. *See* PSR at ¶ 46.

[2] *See* U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* *https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf*.

## IV. CONCLUSION

For the reasons set forth above, Isreal respectfully moves this Court to continue him on bond pending his appeal pursuant to 18 U.S.C. § 3143(b). If he remains on conditions of release pending appeal, then he would be subject to the same release conditions that have been in place since January 2023.

Respectfully submitted,

**ISREAL JAMES EASTERDAY**

Defendant,

By: /s/ Geremy C. Kamens
Geremy C. Kamens
Federal Public Defender
Office of the Federal Public Defender
(Alexandria)
1650 King St, Suite 500
Alexandria, VA 22314
T: 703-600-0848
F: 703-600-0880
Geremy_Kamens@fd.org

Brittany M. Davidson
Assistant Federal Public Defender
Office of the Federal Public Defender
(Alexandria)
1650 King St, Suite 500
Alexandria, VA 22314
T: 703-600-0817
F: 703-600-0880
Brittany_Davidson@fd.org